UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUAN CARLOS GONZALES-HERNANDEZ,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

Case No. 1:07-CV-1202
(Criminal Case No. 1:06-CR-238)

HON. GORDON J. QUIST

## OPINION

      This Court has before it Juan Carlos Gonzales-Hernandez's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

## Facts

      On December 15, 2006, Petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). The Court sentenced Petitioner to the statutory minimum of 60 months imprisonment,

4 years of supervised release, and a special assessment of $100. Petitioner did not appeal his conviction. In his timely pending § 2255 motion, Petitioner argues that the Court should grant a post-conviction downward departure based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), and his post-conviction rehabilitation. Additionally, Petitioner argues that he was denied effective assistance of counsel because his counsel failed to present mitigating evidence at sentencing and misrepresented the conditions of his plea agreement.

## Analysis

### *Sentencing Issues*

Petitioner's first argument is that he is somehow entitled to a downward departure in light of *Blakely*, 542 U.S. 296, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). However, Petitioner was sentenced after those two decisions became final, and the Court complied with the requirements of both cases in sentencing Petitioner. Moreover, because Petitioner was sentenced to the absolute mandatory minimum for his offense, *Blakely* and *Booker* do not impact Petitioner's sentence. *United States v. Franklin*, 499 F.3d 578, 584 (6th Cir. 2007). Petitioner also argues that during his re-sentencing, the Court should consider his post-conviction rehabilitation. Petitioner's argument fails for one fundamental reason: he is not entitled to be re-sentenced.

### *Ineffective Assistance of Counsel*

Petitioner's next argument is that he was denied the effective assistance of counsel guaranteed to him by the Sixth Amendment. Petitioner claims that his counsel was ineffective in failing to present mitigating evidence at sentencing and in misrepresenting the plea agreement. Petitioner cannot establish ineffective assistance of counsel unless he can show two things. First, Petitioner must show deficient performance by counsel. This requires that counsel made errors so

2

serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. Second, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984).

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* still applies with a minor revision. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985); *see also Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). The first prong of *Strickland* remains virtually the same. The second prong or "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59, 106 S.Ct. 370. Petitioner must show a reasonable probability that, but for counsel's errors, he would have *insisted on going to trial*. *Id.* (emphasis added); *see also Roe v. Lucio Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000).

Petitioner argues that his counsel was deficient in failing to request a downward departure based on mitigating evidence that he is a an illegal alien and eligible for deportation. However, counsel's decision was neither deficient nor prejudicial. Once again, Petitioner was sentenced to the statutory minimum for his offense. "A Court may not depart below the statutory minimum unless the government moves for such a departure under either U.S.C. §§ 3553(e) or 3553(f)." *United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007). Because the government did not do so, it was irrelevant whether Petitioner's counsel failed to present mitigating evidence or request a downward departure since Petitioner received the lowest possible sentence available to him.

Petitioner also argues that his counsel was deficient in misrepresenting the plea agreement. However, Petitioner fails to provide any specific misrepresentations allegedly made by his counsel

3

or explain how such misrepresentations influenced his decision to plead guilty. At the plea hearing, Defendant stated that he understood that "it's not possible, at this point, for anyone to accurately predict what [his] sentence will be." (Plea Hr'g at 13.) Moreover, when asked whether anyone, or his own counsel, made any promises or agreements to induce him to plead guilty, Petitioner repeatedly responded, "No." (Plea Hr'g at 13-14.) Further, the Court explained to Petitioner that by pleading guilty, he faced a mandatory minimum sentence of five years in prison and a mandatory maximum sentence of 40 years. (Plea Hr'g at 4.) Petitioner also stated that he understood that he would be bound by the Court's sentence even if it is more severe than he anticipated. (Plea Hr'g at 14.) Therefore, in light of Petitioner's representations made during his plea – and his failure to provide specific examples of how his counsel misrepresented the plea agreement – Petitioner's ineffective assistance of counsel claim fails.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the §2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was

"intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner.

A separate Order will issue.


Dated:  February 5, 2008                              /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE